\*\*E-Filed 3/31/2011\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSE LUCAS ESCOBAR-LAINEZ,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF SANTA CRUZ; OFFICER R DALEY; OFFICER HATCHER; SHAWN WILSON; AND TEN UNKNOWN INDIVIDUALS,<br><br>  Defendants. | Case Number C 10-02660-JF (HRL)<br><br>ORDER[1] GRANTING IN PART AND TERMINATING IN PART WITHOUT PREJUDICE DEFENDANT SHAWN WILSON'S MOTION FOR SUMMARY JUDGMENT<br><br>[Re: Docket No. 23] |

Plaintiff Jose Lucas Escobar-Lainez asserts claims for false arrest and excessive force against Defendants City of Santa Cruz, Officer R Daley, Officer Hatcher, and Officer Shawn Wilson ("Wilson"). Plaintiff also asserts a separate claim for municipal liability against the City, alleging that the City failed to train its officers adequately. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-94 (1978). Wilson moves for summary judgment as to the claims against him.[2]

---

[1] This disposition is not designated for publication in the official reports.

[2] Although Plaintiff's claim for false arrest and excessive force has been alleged as a single claim for relief, these are in fact separate legal theories, and the Court will address them as

Case No. C 10-02660-JF (HRL)
ORDER GRANTING IN PART AND TERMINATING IN PART WITHOUT PREJUDICE DEFENDANT SHAWN WILSON'S MOTION FOR SUMMARY JUDGMENT
(JFLC1)

## I. BACKGROUND

Wilson has submitted a declaration setting forth his view of the relevant events. Decl. of Shawn Wilson ISO Shawn Wilson's Motion for Summary Judgment, Dkt. 24. Wilson states that on June 20, 2008, he responded to a call regarding suspected shooters near the Santa Cruz Beach Boardwalk. *Id.* at 2. The suspects were described as short Hispanic males with shaved heads. *Id.* Soon after receiving the call, Wilson observed two Hispanic males with shaved heads running from the area and pursued them on foot. *Id.* He found one of the suspects sitting with Plaintiff. He then pointed his gun at Plaintiff and the suspect, ordering them to lie face down. *Id.* Shortly thereafter, Santa Cruz Police Officers arrived at the scene, and they proceeded to handcuff and search the two men. *Id.* At that point, Wilson returned to his patrol vehicle. *Id.* at 2-3. Plaintiff later was released at the scene with no charges. *Id.* at 3.

In opposition to Wilson's motion, Plaintiff alleges that he was handcuffed and arrested by Wilson, then violently thrown to the ground. Compl. ¶ 7. In his declaration, Plaintiff claims for the first time that Wilson also grabbed his head and forced it toward the ground. Decl. of Escobar-Lainez at 1; Opp. Br. at 7.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e);

---

such.


*Celotex,* 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson,* 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Barlow v. Ground,* 943 F.2d 1132, 1134-36 (9th Cir. 1991). However, "[a] non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).

### III. DISCUSSION

**A.     False Arrest**

Wilson argues that he cannot be held liable for false arrest because Plaintiff was not arrested. He claims that he did not physically touch Plaintiff, and that detainment of a suspect at gunpoint is not tantamount to arrest. *See e.g., United States v. Buffington*, 815 F.2d 1292, 1300 (9th Cir. 1987) (no arrest when defendants were forced from their car and made to lie down on the pavement at gunpoint). In the complaint, Plaintiff expressly states that he "was never charged with committing any crime . . . [and] was released at the scene." Compl. ¶ 8. At oral argument Plaintiff's counsel agreed that Plaintiff was not arrested in connection with the alleged events, and that there is no factual dispute with respect to the claim of false arrest. Accordingly, summary judgment will be granted in favor of Wilson as to this claim.

**B.     Excessive Force**

Although Plaintiff alleges that Wilson violently threw him to the ground, he provides no evidence to support his allegations apart from his own declaration. Plaintiff's declaration also includes new allegations of excessive force not included in the complaint–namely that Wilson forced Plaintiff's head to the ground. Decl. of Escobar-Lainez at 1. Wilson objects to Plaintiff's declaration, claiming that it is hearsay, lacks foundation, and is not properly authenticated. Wilson also argues that the declaration is incompetent because it was prepared by an unidentified

1  translator,[3] and because no declaration has been submitted indicating that the translator is
2  qualified or accurately transcribed Plaintiff's statements.
3    Based on the facts alleged in Plaintiff's declaration, it appears there may be a triable issue
4  of fact with respect to Wilson's use of excessive force. However, Plaintiff's declaration raises
5  significant evidentiary concerns. On the present record, the Court is unable to assess whether the
6  declaration was translated accurately or whether the translator was qualified to serve in that
7  capacity. Accordingly, Wilson's motion will be terminated without prejudice and Plaintiff will
8  be directed to file a competent declaration, along with proper evidence of the translator's
9  qualifications. In addition, any new allegations included in the declaration, shall be reflected in
10 an amended complaint.

## IV. ORDER

Summary judgment is GRANTED in favor of Wilson as to Plaintiff's claim for false arrest. Wilson's motion for summary judgment as to Plaintiff's claim for excessive force is TERMINATED WITHOUT PREJUDICE. Any amended pleadings or declarations shall be filed within thirty (30) days from the date of this order.

IT IS SO ORDERED.

DATED: March 31, 2011

_____
JEREMY FOGEL
United States District Judge

---

[3] Plaintiff is a native Spanish-speaker who does not speak English. This fact was omitted from Plaintiff's opposition and declaration, but was confirmed by counsel at oral argument.