George J. Kovacevich (SBN 48125)
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
333 Church Street
Santa Cruz, CA 95060
Telephone:  (831) 423-8383
Facsimile:  (831) 576-2269

Attorneys for Defendant
CITY OF SANTA CRUZ AND OFFICER HATCHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUCAS ESCOBAR-LAINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANTA CRUZ; OFFICER R. DALEY; OFFICER HATCHER; SHAWN WILSON; AND TEN UNKNOWN INDIVIDUALS.<br><br>Defendants. | Case No. 10-CV-02660-LHK<br><br>**STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AND (PROPOSED) ORDER** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that this matter having been fully settled, all parties to the above-captioned matter, Plaintiff Jose Lucas Escobar-Lainez and Defendants City of Santa Cruz, Officer Hatcher, and Shawn Wilson, through their respective undersigned counsel of record, do hereby STIPULATE to the dismissal with prejudice of this action as to all claims and all parties, pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1), as well as a mutual waiver of all costs and attorney's fees.

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

Dated: _____04/06/12_____       By: _____/s/_____
GEORGE J. KOVACEVICH
Attorney for Defendants City of
Santa Cruz and Officer Hatcher

-1-

|     |                          |                                                                                           |
| --- | ------------------------ | ----------------------------------------------------------------------------------------- |
| 1   |                          |                                                                                           |
| 2   |                          | KAMALA D. HARRIS<br>Attorney General of California                                        |
| 3   |                          | JOHN P. DEVINE<br>Supervising Deputy Attorney General                                     |
| 4   |                          |                                                                                           |
| 5   | Dated: 04/06/12          | By: /s/<br>DANIEL B. ALWEISS                                                              |
| 6   |                          | Deputy Attorney General<br>Attorneys for Defendant Shawn Wilson                           |
| 7   |                          |                                                                                           |
| 8   |                          |                                                                                           |
| 9   |                          | KATE WELLS, ESQ.                                                                          |
| 10  |                          |                                                                                           |
| 11  | Dated: 04/06/12          | By: /s/<br>KATE WELLS                                                                     |
| 12  |                          | Attorney for Plaintiff<br>Jose Lucas Escobar-Lainez                                       |

## ORDER

IT IS SO ORDERED.   The Clerk shall close the file.

Dated: April 16, 2012          By: *Lucy H. Koh*
                                  Judge, U.S. District Court

-2-
STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AND ~~(PROPOSED)~~ ORDER
Case No. 10-CV-02660 LHK

## SETTLEMENT AGREEMENT AND RELEASE

### *Jose Lucas Escobar-Lainez v. City of Santa Cruz, et al.*
### United States District Court, Case No. 10-CV-02660 LHK

This Settlement Agreement ("Agreement") is executed on the dates set forth below by and between JOSE LUCAS ESCOBAR-LAINEZ ("Plaintiff) and the CITY OF SANTA CRUZ ("City"), collectively referred to as the "Parties."

### RECITALS

A.   On June 17, 2010, Plaintiff filed a complaint for damages for violation of state and federal civil and constitutional rights along with various other state claims against Defendants City, Officer R. Daley, Officer Hatcher, and Shaun Wilson in the United States District Court, Case No. 10-CV-02660 LHK (the "Action").

B.   On April 29, 2011, Plaintiff filed a First Amended Complaint against the same above named defendants but renaming Shaun as Shawn Wilson ("Defendants") for damages for a violation of his federal civil rights based only on excessive force against all Defendants and for failure to train/supervise as against the City.

C.   On January 5, 2012, Plaintiff dismissed his action against Officer R. Daley.

D.   On March 23, 2012, Plaintiff agreed to dismiss Defendant Shawn Wilson with prejudice in exchange for a mutual waiver of all costs.

E.   The Parties have concluded that it would be desirable and in the best interests of the Parties to settle all remaining issues and other parties related to the Action on the terms set forth herein. By this Agreement, the Parties intend to fully and completely resolve any and all disputes between the Parties related to the action.

## **TERMS OF AGREEMENT**

Accordingly, in consideration of the mutual promises and releases contained herein, the Parties agree as follows:

1. <u>Payment by City</u>. For and in consideration of City's payment of the total sum of Four Thousand Five Hundred Dollars ($4,500.00) made payable to Plaintiff and Kate Wells, attorney for Plaintiff, Plaintiff agrees to dismiss the Action with prejudice and release the Defendants as more fully set forth below.

2. <u>Dismissal of Action With Prejudice</u>. In consideration of payment by the City, Plaintiff agrees to simultaneously provide to counsel for the City a Stipulation for Voluntary Dismissal with Prejudice in the form provided in Exhibit A attached hereto and incorporated by this reference and executed by Plaintiff's counsel. Payment shall be held by counsel for Plaintiff and not distributed until notice is received from the court that the order upon the stipulation is filed by the court. Should the court refuse to issue such order, this settlement shall become null and void and the payment shall be returned to counsel for the City.

3. <u>Costs of Litigation</u>. The Parties each agree to be solely and exclusively responsible, without recourse to each other or any other party hereto, for any and all court costs, litigation expenses, attorneys' fees, investigation expenses or other litigation costs, of any type or kind, incurred by such Parties in any matter whatsoever connected with the Action, including the criminal citations and criminal proceedings that preceded the Action.

4. <u>Extinguishment of All Claims</u>. Except as to the obligations under this Agreement, this settlement extinguishes any and all claims arising out of the Action against all Defendants and all issues, transactions and/or related claims or actions, and Plaintiff agrees to refrain and forebear from commencing, instituting or participating in, either as a named or unnamed party,

any lawsuit, action or other proceeding against the Defendants, or any of them, whether brought by himself or by others on his behalf based on or arising out of any of the facts or circumstances alleged by Plaintiff in the Action.

5. <u>Release of All Claims</u>. Except as to the obligations under this Agreement, Plaintiff hereby releases, disposes, and forever discharges the Defendants from any and all claims, complaints, demands, causes of action, obligations, damages, costs, expenses, liens, attorneys' fees, warranties, rights and liabilities of any nature whatsoever, whether known or unknown, suspected or not suspected to exist, claimed or not claimed, which have arisen in connection with the Action. Plaintiff's release is intended to include the officers, directors, board of supervisors, trustees, agents, employees, representatives, attorneys, insurers, departments, divisions, subdivisions, sections, offices, successors and assigns of the City in the Action. Plaintiff's release applies to all of the events and/or incidents alleged to have occurred in the Action and to any cause of action or claim in any forum based on such allegations.

6. <u>Waiver of Unknown Claims</u>. Plaintiff also expressly waives all "unknown claims" against Defendants as to the facts and circumstances concerning the claims set forth in the complaint, and expressly waive their rights under Civil Code section 1542 as to all claims arising out of the operative facts which form the basis for the complaint. Section 1542 reads as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Plaintiff hereby completely and unequivocally waives the provisions of Civil Code section 1542 as it applies to the facts set forth in the complaint in the Action.

7. <u>No Admission of Fault or Liability</u>. This Agreement is a compromise settlement of a disputed claim and by executing this Agreement none of the Defendants admit any

wrongdoing, liability or fault in relation to the matters alleged in the pleadings in the Action or identified in the Recitals herein, and nor does any Defendant admit that Plaintiff is entitled to any recovery arising from the allegations in the pleadings in the Action.

8. <u>Representation by Counsel</u>. Each of the Parties hereby acknowledges and warrants that each has been represented by counsel of his, her, or its choice throughout all negotiations which preceded the execution of this Agreement. Each of the Parties further represents that each has read this Agreement and has had the same explained to each by legal counsel. Each of the Parties further represents that each fully understands all of the terms used in this Agreement and understands their significance, and that each is satisfied with such terms and has executed this Agreement voluntarily.

9. <u>Construction of Settlement Documents</u>. The Parties acknowledge that each party has reviewed this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall <u>not</u> be employed in the interpretation of this Agreement.

10. <u>Effective Date</u>. The effective date of this Agreement shall be the date by which it is completely signed by all Parties.

11. <u>Entire Agreement</u>. This Agreement sets forth the entire understanding of the Parties in connection with the subject matter herein. None of the Parties have made any statement, representation or warranty in connection with this Agreement that has been an inducement for the others to enter into this Agreement, except as is expressly set forth in this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by authorized representatives of the Parties hereto. The Parties agree that they will

make no claim at any time or place that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

12. <u>Authority to Execute Agreement; No Assignment</u>. The Parties to this Agreement, and each of them, represent and warrant that each has the right, power, and authority to execute this Agreement, and they further represent and warrant that they, and each of them, have the right to prosecute and compromise the matters set forth in Paragraph A of the Recitals to this Agreement and none of them have sold, assigned, or conveyed or otherwise transferred such rights.

13. <u>Authorization to Enter Into Agreement</u>. The Parties agree that each person who has signed this Agreement in a representative capacity represents and warrants that he, she, or it is duly authorized to enter into this Agreement.

14. <u>Differences in Facts</u>. The Parties each represent and warrant that they fully understand that if the facts with respect to which this Agreement is executed should be found hereafter to be different from the facts now believed to be true of any party, each of them expressly accepts and assumes the risk of such possible differences in facts and agrees that this Agreement shall be and remain effective notwithstanding such differences in facts.

15. <u>Release Binding Upon Successors</u>. This Agreement shall be binding upon and shall inure to the benefit of all agents, attorneys, successors, assigns, heirs, executors, administrators, personal representatives, trustees, successors-in-interest of each of the Parties to this Agreement, and other related parties including those named in the Action as defined above.

16. <u>Severability Clause</u>. In the event any provision of this Agreement is rendered unenforceable for any reason, all other provisions of this Agreement shall remain in full force and effect.

17. <u>Continuing Cooperation of Parties</u>. All Parties agree to cooperate fully and to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement, and which are not inconsistent with its terms.

18. <u>Counterparts</u>. This Agreement may be executed on one or more copies and each counterpart will be considered an original and binding to the party executing it. A copy of a party's signature shall be treated the same as an original.

19. <u>Attorneys' Fees</u>. The Parties agree that should any party fail to comply with the terms of the Agreement and/or if any proceeding is necessary to enforce the terms hereof, any attorneys' fees and costs incurred to enforce the terms of the Agreement shall be paid to the prevailing party.

20. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

IN WITNESS HEREOF, the following individuals have executed this Settlement Agreement.

CITY OF SANTA CRUZ

Dated: 4-9-12

By: _____
MARTIN BERNAL
City Manager

Dated: _____

_____
JOSE LUCAS ESCOBAR-LAINEZ
Plaintiff

Approved as to form:

                                                LAW OFFICE OF KATE WELLS

Dated: _____    By: _____
                                                        KATE WELLS
                                                        Attorney for Plaintiff
                                                        Jose Lucas Escobar-Lainez


                                                ATCHISON, BARISONE, CONDOTTI &
                                                KOVACEVICH

Dated: 4/10/12                         By: _____
                                                GEORGE J. KOVACEVICH
                                                Attorney for Defendants City of Santa Cruz
                                                and Officer Hatcher

17. <u>Continuing Cooperation of Parties</u>. All Parties agree to cooperate fully and to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement, and which are not inconsistent with its terms.

18. <u>Counterparts</u>. This Agreement may be executed on one or more copies and each counterpart will be considered an original and binding to the party executing it. A copy of a party's signature shall be treated the same as an original.

19. <u>Attorneys' Fees</u>. The Parties agree that should any party fail to comply with the terms of the Agreement and/or if any proceeding is necessary to enforce the terms hereof, any attorneys' fees and costs incurred to enforce the terms of the Agreement shall be paid to the prevailing party.

20. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

IN WITNESS HEREOF, the following individuals have executed this Settlement Agreement.

CITY OF SANTA CRUZ

Dated: _____   By: _____
MARTIN BERNAL
City Manager

Dated: 3/30/12   _____
JOSE LUCAS ESCOBAR-LAINEZ
Plaintiff

Approved as to form:

Dated: 4-6-12          By: _____
                            LAW OFFICE OF KATE WELLS
                            KATE WELLS
                            Attorney for Plaintiff
                            Jose Lucas Escobar-Lainez


                            ATCHISON, BARISONE, CONDOTTI &
                            KOVACEVICH

Dated: _____  By: _____
                            GEORGE J. KOVACEVICH
                            Attorney for Defendants City of Santa Cruz
                            and Officer Hatcher